IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH M. HOEKSTRA, )
        Plaintiff, )
    -vs- )   Civil Action No. 17-863
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since October 1, 2010. (ECF No. 8-7, pp. 4, 12). Administrative Law Judge ("ALJ"), Karen B. Kostol, held a hearing on November 12, 2015. (ECF No. 8-3). On January 11, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 11-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.**   **Transferable Skills**

Plaintiff argues that the ALJ erred at step five of the evaluation in finding that Plaintiff can perform other work as a companion because it is not supported by substantial evidence. (ECF No. 11, pp. 3-7; No. 16, pp. 1-3). Specifically, Plaintiff submits that in making the transferable skills determination, the ALJ never addressed the issue of whether the available job utilized the skills Plaintiff had "and no others." *Id.* In support of the same, Plaintiff suggests that "the job to which the skills purportedly transfer must utilize *those skills, and no other skills*." (ECF No. 11, pp. 4-5. After a review of the record, I disagree.

Social Security Rule 82-41 defines transferability as "applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." Skill requirements are set forth in 20 C.F.R. §404.1568, which provides, in pertinent part:

(d) Skills that can be used in other work (transferability)—

(1) <u>What we mean by transferable skills</u>. We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work

3

> activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs.
>
> (2) <u>How we determine skills that can be transferred to other jobs</u>. Transferability is most probable and meaningful among jobs in which—
>
>   (i) The same **or a lesser** degree of skill is required;
>   (ii) The same **or similar** tools and machines are used; and
>   (iii) The same **or similar** raw materials, products, processes, or services are involved.
>
> (3) <u>Degrees of transferability</u>. There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. **A complete similarity of all three factors is not necessary for transferability.** However, when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings, we consider that they are not transferable.
>
> (4) <u>Transferability of skills for persons of advanced age</u>. If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s). We will decide if you have transferable skills as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. (See § 404.1567(a) and § 201.00(f) of appendix 2.) If you are of advanced age but have not attained age 60, and you have a severe impairment(s) that limits you to no more than light work, we will apply the rules in paragraphs (d)(1) through (d)(3) of this section to decide if you have skills that are transferable to skilled or semiskilled light work (see § 404.1567(b)). If you are closely approaching retirement age (age 60 or older) and you have a severe impairment(s) that limits you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

20 C.F.R. § 404.1568(d) (emphasis added). Clearly, based on the plain reading of the above and contrary to Plaintiff's position otherwise, the job to which the skills transfer need not utilize those skills and no other skills. *Id.*

In this case, Plaintiff's past relevant work was as a licensed practical nurse (LPN). (ECF No. 8-2, p. 24). LPN is skilled work. (ECF No. 8-2, p. 24). At the hearing, the ALJ asked the

vocational expert (VE) whether any skills transferred from Plaintiff's past relevant work as an LPN into the light residual functional capacity (RFC)[2] found by the ALJ. (ECF No. 8-3, pp. 31-34). After a discussion, the VE responded that an LPN could do the job of a companion. (ECF No. 8-3, p. 32). The VE testified that the work skills that would transfer into the job of companion from Plaintiff's past work as an LPN include "general knowledge about ---concerning care for elderly or handicapped individuals or people that are in a convalescent-type situation. The – there, there might be some of those situations which require medical – medicine distribution, so being able to handle prescriptions accurately. The lifting, being able to lift and handle from a mobility standpoint (INAUDIBLE), your Honor." (ECF No. 8-3, p. 32). The ALJ then asked the VE about any other additional skills required of a companion and the VE said that a companion "might help an individual transact social or business affairs, which I wouldn't consider directly linked with LPN training." *Id.* at p. 33. The discussion did not end there as Plaintiff infers. *See,* ECF No. 11, pp. 6-7. The ALJ then ask the VE for a clarification:

> Q. What about the similarity to claimant's past relevant work? Would that – would there be a need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry?
>
> A. I don't believe it would require any kind of specific adjustments.

ECF No. 8-3, p. 33. The ALJ considered the same in making her determination and found as follows:

> The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which require skills acquired in the claimant's past relevant work but no additional skills. The vocational expert responded and testified that representative occupations such an individual could perform include the following: Companion, DOT 309.667-010, 250.000 jobs nationally and 2,500 jobs regionally.

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with certain exceptions. (ECF No. 8-2, p. 16).

5

ECF No. 8-2, pp. 24-25. Based on the testimony at the hearing set forth above, I find this to be an accurate representation. The ALJ continued:

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Accordingly, although the claimant's additional limitations do not allow the claimant to perform the full range of light work, considering the claimant's age, education and transferable work skills, a finding of "not disabled" is appropriate under the framework of Medical-Vocational Rule 202.15 and Rule 202.07.

ECF No. 8-2, p. 25. After a review of the record, I find this determination is based on substantial evidence. Consequently, I find no error in this regard on the part of the ALJ.

### C. Borderline Age

Plaintiff contends that the ALJ erred "by failing to acknowledge or discuss the 'borderline age situation' resulting from the fact that Plaintiff's age category changed less than two months after the ALJ's decision." (ECF No. 11, p. 7). Age is a vocational factor to be considered by the ALJ. The regulations provide as follows:

> (d) Person approaching advanced age. If you are closely approaching advanced age (50-54), we will consider that your age, along with a severe impairment and limited work experience, may seriously affect your ability to adjust to other work.
>
> (e) Person of advanced age. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older). See § 404.1568(d)(4).

20 C.F.R. § 404.1563(d),(e). "We will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 404.1563(b). The regulations further provide that in borderline cases, age categories should not be applied mechanically. 20 C.F.R. §404.1563(b). "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.*

Here, Plaintiff was 54 years old as of the date of alleged onset and changed categories to advanced age prior to the date of the decision. (ECF No. 8-2, p. 24). At the time of the decision, Plaintiff was approximately two months shy of 60. (ECF No. 8-2, pp. 24-25). Based on the same, I agree with Plaintiff that this presents a borderline age situation. Upon review of the ALJ's decision, however, I disagree with Plaintiff that the ALJ did not acknowledge or discuss this.

For persons of advanced age (55 or older) and for persons in this category who are closely approaching retirement age (age 60 or older), §404.1563(e) directs an ALJ to §404.1568(d)(4). As set forth above, §404.1568(d)(4) provides:

> (4) <u>Transferability of skills for persons of advanced age</u>. If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s). We will decide if you have transferable skills as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. (See § 404.1567(a) and § 201.00(f) of appendix 2.) If you are of advanced age but have not attained age 60, and you have a severe impairment(s) that limits you to no more than light work, we will apply the rules in paragraphs (d)(1) through (d)(3) of this section to decide if you have skills that are transferable to skilled or semiskilled light work (see § 404.1567(b)). **If you are closely approaching retirement age (age 60 or older) and you have a severe impairment(s) that limits you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.**

20 C.F.R. § 404.1568(d)(4) (emphasis added). Here, the ALJ used the older category (age 60 or older and questioned the VE as follows:

> Q. What about the similarity to claimant's past relevant work? Would that – would there be a need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry?

7

A. I don't believe it would require any kind of specific adjustments.

ECF No. 8-3, p. 33. Given the response that no adjustment was necessary, no further testimony was required. Based on the same, I find the ALJ considered borderline age issue. *Id.* Consequently, I find that remand on this issue is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH M. HOEKSTRA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>NANCY A. BERRYHILL,[3] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 17-863 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 12th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                              BY THE COURT:

                                        s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.